

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Harry Benge Crozier
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin 19, Texas

Dear Sir:

Opinion No. O-6938

Re: Whether the Lower Colorado River
Authority is subject to the pro-
visions of the Texas Unemployment
Compensation Act, and whether its
employees are entitled to benefits
thereof.

We have given careful consideration to your letter requesting
the opinion of this department on the captioned subject.

Section 59, Article XVI of the Constitution of Texas,
provides that such districts as the Lower Colorado River Authority
"shall be governmental agencies and bodies politic and corporate
with such powers of government and with the authority to exercise
such rights, privileges and functions concerning the subject matter
of this amendment as may be conferred by law". The act creating the
Lower Colorado River Authority likewise contains this language. Ch. 7,
4th Call Session, 43rd Legislature. The Courts have recognized and so
held that these districts created pursuant to the above section and
article of the Constitution are governmental agencies and political
subdivisions of the State, performing governmental functions and
standing upon the same footing as counties and other political sub-
divisions established by law. Willacy County W. Control and I. Dist.
No. 1 v. Abendroth, 177 S.W. (2d) 936 and cases cited therein; Lower
Colorado River Authority v. Chemical Bank and Trust Co., decided
October 31, 1945, but not yet officially reported.

The Texas Unemployment Compensation Act, codified as Article
5221b, Vernon's Civil Statutes of Texas, Annotated, 1925, as amended,
provides for each employer subject to the Act to pay taxes with respect
to wages paid by it for employment. Section 19 (g) (5) of this Act
(Article 5221b-17 (g) (5)), however, provides that:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Harry Benge Crozier - Page 2

"The term 'employment' shall not include:

"(A)  Service performed in the employ of this
State, or any political subdivision thereof, or any
instrumentality of this State or its political sub-
divisions,

". . ."

Since the Lower Colorado River Authority is a governmental
agency, and a political subdivision of this state, and such agencies
do not come within the provisions of the Texas Unemployment Compensa-
tion Act, it is the opinion of this department that this agency is not
subject thereto.  As a consequence thereof, it follows that its em-
ployees are not entitled to the benefits thereunder.

In reaching the above conclusion, we have not failed to
consider the second paragraph of your letter of request in which you
direct our attention to cases dealing with remedial or regulatory
legislation in which certain State or governmental instrumentalities
were subject to such remedial laws upon the basis that they were of a
proprietary or competitive nature and thus did not come within the
ordinary constitutional inhibition of statutory exemption of govern-
mental instrumentalities.

It is our contention that the Legislature has couched in
plain and unambiguous language what employment constitutes and what
does not come within the purview of employment.  For us to expand upon
this plain language would be encroaching upon the province of the
Legislature.  This is fully brought forth in the case of Creekmore v.
Public Belt Railroad Commission, 134 Fed. (2d) 576, certiorari denied
by the Supreme Court of the United States, from which we quote in part
as follows:

"The exclusion provision of Section 3 (d) of
the Fair Labor Standards Act is couched in plain and
unambiguous language and should be given effect as
it is written.  Appellant strongly contends, however,
that because of the remedial nature of the Act it was
the legislative intent to include within its coverage
employees such as those working for the Public Belt
Railroad Commission for the City of New Orleans; that
in operating the railroad the City of New Orleans acts
in a purely proprietary capacity; and that employees
of the railroad should be within the coverage of the
Act.

"In construing the Act the duty of the Court is to determine what employers and employees are within its coverage, not what employees 'should' have been covered, for the question of who 'should' be covered is a matter solely within the province of the legislative branch of the government. The language of Section 3 (d) being plain, its meaning clear, the result reasonable, we see no reason for resorting to extraneous considerations in an effort to construe and give to such language another and different meaning. Cf. Helvering v. New York Trust Co., 292 U. S. 455, 54 S. Ct. 806, 78 L. Ed. 1361; United States v. Mo. Pac. R. Co., 278 U. S. 269, 49 S. Ct. 133, 73 L. Ed. 322."

We are of the opinion that whether or not proprietary or competitive function of a governmental instrumentality or agency should come within the provisions of the Texas Unemployment Compensation Act are matters solely within the province of the Legislature of the State of Texas; that the Legislature has by Section 19 (g) (5) in plain language exempted political subdivisions and governmental agencies from the provisions of the Texas Unemployment Compensation Act, whether their functions be competitive or proprietary, and we see no reason to resort to other considerations or efforts to construe such language and give it a different meaning.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert O. Koch*

Robert O. Koch
Assistant

ROK:ms

APPROVED FEB 5, 1946

APPROVED OPINION COMMITTEE BY _____ CHAIRMAN